IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daquan Pierre, #03773-509, | C/A No. 4:23-cv-2535-JFA-TER |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Warden Joseph, | |
| Respondent. | |

## I.     INTRODUCTION

Petitioner Daquan Pierre, ("Petitioner"), proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the petition is subject to summary dismissal for numerous reasons. (ECF No. 11). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report on July 24, 2023. (ECF No. 15). Thus, this matter is ripe for review.

1

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 11). In short, Petitioner is challenging the BOP's failure to properly apply "earned time credits" ("ETCs") which would allow for early release. The Magistrate Judge recommends that the petition be dismissed because Petitioner has failed to exhaust his administrative remedies. Moreover, the Report concludes that the Petition fails on the merits because Petitioner is not eligible for the application of earned time credits.

In response to the Report, Petitioner enumerated two separate objections. In general, the first objection challenges the conclusion that Petitioner should be required to fully exhaust his administrative remedies before being allowed to proceed in this court. Petitioner's second objection challenges the Report's conclusion that Petitioner is not eligible to apply any earned credits due to his high recidivism risk assessment.

After a review of the Report and Petitioner's objections, this court agrees that Petitioner is not eligible for application of ETCs and his petition is subject to dismissal on the merits. Accordingly, the court will assume without deciding that exhaustion is not required and proceed to the substance of the Petition. Thus, further discussion as to Petitioner's first objection is unnecessary.

Within his second objection, Petitioner essentially disagrees with the Magistrate Judge's conclusion that the "face of the statute shows Petitioner is ineligible for application of these ETCs due to his PATTERN score." (ECF No. 11, p. 3). In response, Petitioner states that

> Mr. Daquan meets the prongs of 18 §3624 (g)(1)(b), he 'has shown through a periodic risk reassessments a demonstrated recidivism risk reduction [ … ] during [his] term of imprisonment.' (brackets added). Here, Mr. Daquan has successfully programmed and maintained employment, being even commended by his supervisor []. However, his PATTERN score does not reflect his work program participation, this resulted in an inaccurate PATTERN assessment which has never been corrected.

(ECF No. 15, p. 6).

Respectfully, the court disagrees. As stated in the Report, Petitioner has received numerous timely recidivism risk assessments in compliance with the applicable statues. *See* 18 U.S.C. § 3632. Each of Petitioner's last six assessments have determined him to have a high level. Therefore, he does not meet the statutory mandates which require him to maintain a minimum or low recidivism risk. 18 U.S.C. § 3624 (g). Other than quoting portions of the statute, Petitioner has provided no support for his position that his ETCs should be applied despite his high-risk assessment. Therefore, Petitioner's argument must be overruled.

4

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 11). For the reasons discussed above and in the Report, the Petition is dismissed without prejudice and without requiring the Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

August 18, 2023                                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                                    United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."